# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MICHAEL B. GOULD,

    Plaintiff,

v.

HAMED W. SUFFETY, JR.,
SUSAN K. PRINE,
ROBERT L. KACZMAREK, and
LYNDA L. HEATHSCOTT,

    Defendants.

_____/

CASE NO. 07-CV-11235

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the complaint seeks monetary relief against defendants who are immune from such relief.

**II.    REPORT**

    **A.    Introduction**

This case was referred to the undersigned Magistrate Judge for pretrial case management on March 29, 2007. (Dkt. 3.) On April 12, 2007, Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted. (Dkt. 4.) After screening the complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Screening Requirement**

Federal law requires the Court to screen all civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[1]  Pursuant to this statute, the Court must *sua sponte* dismiss a case without affording the plaintiff an opportunity to amend if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against defendants who are immune from such relief. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (Courts "have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint."). This comports with the rule that, although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a "complaint must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. App'x 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

### C.      The Complaint

In this case, Plaintiff names as defendants two state circuit court judges from Saginaw County, Michigan (Judge Heathscott and Judge Kaczmarek), and two Saginaw County Friend of the Court officials (attorneys Susan Prine, Director of Friend of the Court, and Hamed Suffety, Supervising Attorney). Plaintiff states that on or about February 16, 2007, his employer received a "Notice to Withhold Income" from the Saginaw County Friend of the Court, presumably instructing Plaintiff's employer to withhold a portion of Plaintiff's wages due to an outstanding child support obligation. (Compl. ¶ 1.) The letter was written on "State of Michigan 10th Judicial Circuit Court letterhead" (*id.* ¶ 7), but Plaintiff states that it "was never signed by any of the defendants to validate the order." (*Id.* ¶ 5.) Thus, Plaintiff asserts that the notice to withhold income was invalid and violated his Fifth Amendment due process rights as well as his Fourth Amendment right to be free from unreasonable government seizures. (*Id.* ¶¶ 11-12.)

Plaintiff contends that Michigan law limits the Friend of the Court's authority to conducting investigations, holding hearings, and making written reports and recommendations, and therefore the Defendant Judges are engaging in an ongoing pattern and practice of improperly delegating their authority to order the taking of his property (in the form of garnishment of wages) to the Friend of the Court. (*Id.* ¶¶ 16-20.) Plaintiff claims that his due process rights were further violated when his request for a hearing on the validity of the notice was denied. (*Id*. ¶ 22.)

As relief, Plaintiff seeks $100,000 in actual and punitive damages, a declaration of his rights, an injunction against further violations of his rights, and the dissolution of the illegal seizures of his property. (*Id*. at 6.)

3

**D.     Discussion**

A civil action alleging deprivation of a constitutional right is properly brought pursuant to 42 U.S.C. § 1983. A claim under § 1983 consists of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). The doctrine of absolute immunity of judges and other persons whose duties are essentially adjudicative or prosecutorial in nature is a firmly established principle of section 1983 litigation. *See Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872). In this case, I suggest that the complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because all four defendants are absolutely immune from suit.

With regard to the Defendant Judges, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1871)). *See also Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983."). Absolute immunity applies for all actions taken in the judicial capacity, which clearly was the case here. *See Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997).

With regard to Defendants Prine and Suffety, I suggest that they are also entitled to absolute immunity from suit. In *Tidik v. Ritsema*, 938 F. Supp. 416 (E.D. Mich., 1996), Judge Gadola

explained the rationale behind the extension of absolute immunity to such officials:

> The doctrine of absolute judicial immunity is extended to persons whose duties are essentially adjudicative or prosecutorial in nature. *Watts v. Burkhart*, 978 F.2d 269, 274 (6th Cir. 1992) (extending absolute immunity to medical board examiners) (citing rational of *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)).
>
> The immunity of participants in the judicial process stems from specific characteristics of the process itself. *Watts*, 978 F.2d at 273 (citing *Butz* [*v. Economou*, 438 U.S. 478, 512, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978)]). For instance, "[t]he controversies with which the process deals are often intense, and the loser, given an opportunity to do so, will frequently charge the participants in the process with unconstitutional animus . . ." *Id*. at 273. Therefore, "[a]bsolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz*, 438 U.S. at 512, 98 S. Ct. at 2913. Under these standards, defendants Lynn Watson, court clerk for the 3rd circuit court, John Lemire, Referee for Friend of the Court, and David March, staff attorney for Friend of the Court, are immune from suit. Their duties clearly qualify as adjudicative or prosecutorial.

*Tidik*, 938 F. Supp. at 422-23. *See also Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981).

Accordingly, pursuant to this Court's duty to screen complaints brought *in forma pauperis* and dismiss "the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii), I suggest that the case be *sua sponte* dismissed.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                        s/ *Charles E Binder*
                                                        CHARLES E. BINDER
Dated: May 4, 2007                                   United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served on Michael Gould by first class mail, and on District Judge Thomas L. Ludington in the traditional manner.

Date:  May 4, 2007        By     s/Patricia T. Morris
                                                Law Clerk to Magistrate Judge Binder